# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL WILLIAMS,

      Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

      Defendants.

Case No. 2:15-cv-01327-GMN-NJK

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for production of documents. (ECF No. 5, 1, 6). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

1  Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is
2  untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted,
3  or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).
4  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in
5  Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when
6  reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint
7  under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing
8  its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured
9  by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab.*
11  *Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper
12  only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle
13  him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this
14  determination, the court takes as true all allegations of material fact stated in the complaint, and the
15  court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d
16  955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than
17  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard
18  under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than
19  mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic
20  recitation of the elements of a cause of action is insufficient.  *Id.*

21  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because
22  they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*,
23  556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they
24  must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a
25  court should assume their veracity and then determine whether they plausibly give rise to an entitlement
26  to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-
27  specific task that requires the reviewing court to draw on its judicial experience and common sense."
28  *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     SCREENING OF COMPLAINT**

Plaintiff sues multiple defendants for events that occurred while he was in custody at High Desert State Prison ("HDSP"). (ECF No. 5 at 2-3). Plaintiff sues Defendants Neven, Nash, Stroud, Fillman, Treadwell, and Howell. (*Id.*). Plaintiff alleges four counts and seeks monetary damages. (*Id.* at 4-17, 20).

Plaintiff alleges the following: On October 1, 2012, Plaintiff was housed in administrative segregation at HDSP. (*Id.* at 4). On November 29, 2012, Plaintiff had a full classification committee ("FCC") and was classified to Lovelock Correctional Center ("Lovelock"). (*Id.*). This was approved by the Offender Management Division ("OMD") on February 15, 2013. (*Id.*). Plaintiff was placed on the waiting list for Lovelock. (*Id.*). Plaintiff had another FCC on January 10, 2014 and was again classified to Lovelock. (*Id.*). Between February 15, 2013, and January 10, 2014, Plaintiff did not have any disciplinary write-ups. (*Id.*). Two weeks after Plaintiff was approved to transfer to Lovelock, Treadwell told Plaintiff he was changing his transfer to Ely State Prison ("ESP) instead. Plaintiff alleges, by doing so, Treadwell violated his due process and that Plaintiff has been housed in administrative segregation for over two and a half years while waiting to be transferred to Lovelock. (*Id.*). While in administrative segregation, Plaintiff was subjected to the following conditions: reduction in phone usage, reduction in yard time, reduction in the number of visitation days, reduced limitation on canteen expenditures, severe limitation on time outside of cell, lack of religious services, lack of educational classes, lack of programs and educational classes, less showers, and loss of access to the law library. (*Id.* at 9).

Plaintiff also alleges that under NDOC administrative regulations and HDSP operational procedures, one of the members of the FCC must be an assistant warden. (*Id.* at 5). Plaintiff notified

1 defendants Neven, Stroud, Nash, Howell, and Fillman of his unapproved transfer to ESP. (*Id*. at 8).

2     Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights. (*Id*. at 4-17.)

### A.     Fourteenth Amendment - Due Process Related to Transfer

Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*. The Supreme Court held that a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Waskinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).

Plaintiff has failed to state a colorable Fourteenth Amendment based on his transfer to ESP. Prisoners do not have a liberty interest in avoiding being transferred to another facility. If there is no liberty interest at stake, Plaintiff's due process claim must fail. Accordingly, Plaintiff has failed to state a due process claim regarding his transfer and this claim is dismissed with prejudice, as amendment would be futile.

### B.     Fourteenth Amendment - Due Process Related to Administrative Segregation

Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*. The Supreme Court held that a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that

"imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). After the prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement. *See Hewitt*, 459 U.S. at 477 n.9. The Ninth Circuit has held that where the prisoner alleges material differences between the conditions in general population and administrative segregation, the prisoner's procedural due process claim should not be dismissed on the pleadings. *See Jackson v. Carey*, 353 F.3d 750, 755-57 (9th Cir. 2003).

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Plaintiff alleges he was held in administrative segregation for nearly two and a half years without any type of hearing or review of his placement in segregation. While in segregation, Plaintiff alleges he was subjected to conditions such as reduced yard time and lack of religious and educational services that constituted an atypical and significant hardship. Plaintiff alleges that Neven, Nash, Stroud, Howell, and Fillman are liable because they have implemented a policy that is so deficient it resulted in Plaintiff being held in administrative segregation for over two years awaiting transfer to Lovelock. Additionally, Plaintiff alleges it is the assistant wardens who wrote, or authorized, the operational procedures that resulted in Plaintiff's misclassification and subsequent holding in administrative segregation. The Court finds that Plaintiff has stated a colorable due process claim against the named defendants and may

proceed on this claim.

### C.     Eighth Amendment

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff does not identify a specific condition of confinement that violates his Eighth Amendment rights to be free from cruel and unusual punishment. Instead, his allegations in support of this claim address his confinement in administrative segregation for over two years. This allegations are best addressed in his Fourteenth Amendment claim discussed *infra*. If there is a specific condition, or conditions, of his confinement that Plaintiff's believes violated his Eighth Amendment rights, then Plaintiff may amend his complaint to bring such a claim. However, as presently alleged, Plaintiff fails to state an Eighth Amendment claim. This claim is dismissed without prejudice, with leave to amend.

### D.     Retaliation

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights

necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id*.

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id*. at 567-68.

Plaintiff's allegations on his retaliation claim are vague and conclusory in nature. Plaintiff alleges that he has First Amendment rights "to assemble redress his grievance before the caseworker and free speech to speak openly within reason without fear of retribution." (ECF No. 5 at 16). While Plaintiff is correct that he has these First Amendment rights, in order to state a retaliation claim, Plaintiff must allege the specific protected conduct he engaged in and the specific adverse action was taken against him, and by whom. Plaintiff has failed to do so. Plaintiff's retaliation claim is dismissed without prejudice, with leave to amend. Upon amendment, the Court directs Plaintiff to follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what *each defendant (by name)* did to violate your rights."

### E. Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file a second amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form

and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action shall proceed on the due process claim related to administrative segregation only.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** a decision on the application to proceed *in forma pauperis* (ECF No. 1) is **deferred**.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment due process claim relating to his transfer is **dismissed with prejudice**, as amendment would be futile.

**IT IS FURTHER ORDERED** that Plaintiff may **proceed** on his Fourteenth Amendment claim related to his administrative segregation against Defendants Neven, Nash, Fillman, Stroud, Treadwell, and Howell.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim is **dismissed without prejudice,** with leave to amend.

**IT IS FURTHER ORDERED** that the First Amendment retaliation claim is **dismissed without prejudice**, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's motion for production of documents (ECF No. 6) is **denied**, without prejudice, as it is premature at this stage in the litigation.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the second amended complaint within **thirty (30)** days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original amended complaint (ECF No. 5). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action shall proceed on the Fourteenth Amendment claim related to administrative segregation only.

DATED: This __16__ day of June, 2016.

_____
United States District Judge