ADAM PAUL LAXALT
  Attorney General
JARED M. FROST (Bar No. 11132)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada  89101
(702) 486-3177 (phone)
(702) 486-3773 (fax)
Email:  jfrost@ag.nv.gov

*Attorneys for Defendants Dwight Neven,*
*Bruce Stroud, Larry Treadwell,*
*Jennifer Nash, and Jerry Howell*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>                    Plaintiff,<br><br>  v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>                    Defendants. | Case No.  2:15-cv-01327-GMN-NJK<br><br>**DEFENDANTS' MOTION TO EXTEND REMAINING SCHEDULING DEADLINES**<br><br>**(FIRST REQUEST)** |

Defendants Dwight Neven, Bruce Stroud, Larry Treadwell, Jennifer Nash, and Jerry Howell, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Jared M. Frost, Senior Deputy Attorney General, hereby move for a thirty (30) day extension of the remaining non-discovery scheduling deadlines in this matter. This motion is made and based on the following points and authorities, the attached exhibits, the pleadings and papers on file, and any additional evidence the Court deems appropriate to consider.

///

///

## I.     BACKGROUND

This is an inmate civil rights case filed pursuant to 42 U.S.C. section 1983. ECF No. 4. The Court issued its screening order on June 16, 2016. ECF No. 8. Pursuant to this order, Plaintiff was permitted to proceed on his Fourteenth Amendment claims related to being housed in administrative segregation against Defendants Neven, Nash, Fillman, Stroud, Treadwell, and Howell. *Id.* at 8.

On September 23, 2016, the parties participated in an early mediation conference at which no resolution was reached. ECF NO. 14.

On December 19, 2016, Defendants Neven, Stroud, Treadwell, Nash, and Howell filed an Answer to Plaintiff's Complaint. ECF NO. 19.

On December 20, 2016, the Court issued a scheduling order. ECF No. 20. Pursuant to the scheduling order, discovery must be completed by March 20, 2017, discovery motions are due April 3, 2017, and dispositive motions are due April 19, 2017. *Id.*

This motion for a 30 day extension of the remaining scheduling deadlines follows.

## II.     ARGUMENT

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend the time to perform an act within a specified time for good cause shown. Defendants submit that their request to extend the remaining non-discovery scheduling deadlines by 30 days is supported by good cause here.

An extension of the remaining scheduling deadlines is needed here because Defendants have not yet had an opportunity to receive and review Plaintiff's supplemental interrogatory responses. Plaintiff filed his responses to Defendant Nash's timely interrogatories on March 13, 2017.[1] However, upon review, Defendants determined that a number of Plaintiff's responses were insufficient and also that Plaintiff had failed to sign the certification page as required by the applicable Rules. Consequently, the undersigned arranged to speak with Plaintiff on March 23, 2017, in an

---

[1] Defendants note that the filing of discovery responses is prohibited by this Court's Local Rules.

effort to resolve these issues. *See* Exhibit 1 (correspondence dated March 23, 2017). During this conversation, Plaintiff agreed to provide Defendants with supplemental responses and a signed copy of the certification page. *Id*. However, Defendants have not yet received Plaintiff's supplemental responses and require additional time to review the responses and to determine whether the filing of any discovery motions would be appropriate in this case. Defendants therefore request a 30 day extension of the remaining scheduling deadlines and propose the following new dates for the Court's consideration:

May 3, 2017          Last day to file discovery motions

June 5, 2017         Last day to file dispositive motions

This extension request is filed prior to the expiration of the deadlines at issue. To the extent that this Court requires a showing of excusable neglect because the request was not filed at least 21 days prior to the deadline to file discovery motions, Defendants submit that the request is filed as soon as practicable given the need to confer with Plaintiff and attempt to resolve any disputed discovery issue without the need for Court intervention.

///
///
///
///
///
///
///
///
///
///
///
///

**III.    CONCLUSION**

Defendants' motion to extend the remaining scheduling deadlines should be granted.

DATED this 31st day of March, 2017.

ADAM PAUL LAXALT
Attorney General

By:    /s/  Jared M. Frost
JARED M. FROST (Bar No. 11132
Senior Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED  April 3, 2017 _____.

UNITED STATES MAGISTRATE JUDGE