**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL WILLIAMS,<br>      Plaintiff(s),<br>vs.<br>DWIGHT NEVEN, et al.,<br>      Defendant(s). | Case No. 2:15-cv-01327-GMN-NJK<br>ORDER DENYING MOTION TO COMPEL<br>(Docket No. 27) |

Pending before the Court is Defendants' motion to compel further discovery responses. Docket No. 27. In particular, Defendants contend that Plaintiff has provided insufficient answers to their contention interrogatories to set out "all facts" as to each of their personal involvement in the alleged constitutional violation, as well as to their interrogatories seeking detailed responses regarding damages. *Id.* at 4-7. Plaintiff failed to file a timely response. While the Court has the discretion to grant the motion as unopposed, *see* Local Rule 7-2(d), it declines to do so in this instance.

As a general matter, parties are not precluded from serving contention interrogatories. Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"). Cases involving *pro se* prisoners bringing civil rights claims present unique circumstances, however. *Cf. Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates"). To that end, some courts have noted that "[c]ontention interrogatories, directed to a pro se litigant, are rarely appropriate."

*Nguyen v. Bartos*, 2011 U.S. Dist. Lexis 61915, at *1 (E.D. Cal. June 9, 2011) (quoting *Nielsen v. Society of N.Y. Hosp.*, 1998 WL 100197, at *2 (S.D.N.Y. 1998)) (denying motion to compel *pro se* civil rights prisoner to respond to contention interrogatories); *see also Montano v. Solomon*, 2010 WL 4137476, at *4-5 (E.D. Cal. Oct. 19, 2010) (noting that contention interrogatories served on *pro se* civil rights prisoners give the court pause, and refusing to order responses to the interrogatories).

The pending motion to compel makes generalized arguments about the appropriateness of the discovery sought, but fails to address the specific issue of whether contention interrogatories are appropriate in this case. Accordingly, the motion to compel is **DENIED** without prejudice. To the extent Defendants wish to do so, they may renew their motion to compel by May 24, 2017, following the required pre-filing conference and specifically addressing the issues outlined herein.

IT IS SO ORDERED.

DATED: May 9, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge